UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIAN BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01386-JPH-MJD |
| | ) |
| RICK MYERS, | ) |
| HARDIN, | ) |
| DAVISSON, | ) |
| RIDLEN, | ) |
| DREES, | ) |
| ROLLINS, | ) |
| COLWELL, | ) |
| FREEMAN, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Brian Burke is a prisoner currently incarcerated at the Bartholomew County Jail ("the Jail"). He alleges in this civil action that the defendants used excessive force against him. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

1

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Burke sues Sheriff Rick Myer and Deputies Hardin, Davisson, Ridlen, Drees, Rollins, Colwell, and Freeman. He alleges that, while he was a pre-trial detainee at the Jail, Deputies were ignoring his requests and he therefore covered the security camera in his holding cell. Deputies asked him to remove the covering and he refused. Then, without warning, Deputies Hardin and Davisson struck him with a taser gun. Deputies Ridlen, Drees, Rollins, Colwell, and Freeman were present and participated in subduing Mr. Burke with excessive force and failed to intervene in the use of force by Deputies Hardin and Davisson. Mr. Burke further alleges he was treated differently than another inmate in his situation because he is African American. Mr. Burke asked to file a grievance on the issue and Sheriff Myer came to speak to him.

Mr. Burke further alleges that these actions were the result of Sheriff Myer's maintenance of an unconstitutional policy and failure to train his staff despite an obvious need.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

First, Mr. Burke's excessive force and racial discrimination claims shall proceed against Deputies Hardin, Davisson, Ridlen, Drees, Rollins, Colwell, and Freeman under the Fourteenth Amendment. A failure to intervene claim shall also proceed against defendants Ridlen, Drees, Rollins, Colwell, and Freeman. Mr. Burke's claims shall proceed against Sheriff Myers based on Mr. Burke's allegations that Sheriff Myers maintained unconstitutional policies and failed to train his staff despite an obvious need for training.

Any Eighth Amendment claim is dismissed. Because Mr. Burke alleges that he was a pretrial detainee at the time of his allegations, the Fourteenth Amendment objective unreasonableness standard applies. *See Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("a pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that

3

additional claims were alleged in the complaint, but not identified by the Court, he shall have **through December 15, 2023,** in which to identify those claims.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 11/17/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN BURKE
176842
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203

Sheriff Rick Myers
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Hardin
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Davisson
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Ridlen
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Drees
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Rollins
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Colwell
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201

Deputy Freeman
Bartholomew County Jail
542 2nd Street
Columbus, IN 47201